IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| NORFLO HOLDING CORPORATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 00 C 6208 |
| CITY OF CHICAGO, *et al.*, | ) ) ) | Hon. Joan Humphrey Lefkow |
| Defendants. | ) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT
OF MOTION TO ALTER OR AMEND JUDGMENT**

Defendant Alderman Toni Preckwinkle ("Ald. Preckwinkle"), by Marc S. Lipinski, her attorney, with Riordan, Dashiell & Donnelly, Ltd. of counsel, submits the following reply memorandum in further support of her motion to alter or amend judgment and for other relief:

1.  Pursuant to its 4/11/02 order, this Court set a briefing schedule on Ald. Preckwinkle's motion, whereby the response of plaintiff Norflo Holding Corporation ("Norflo") was to be filed and served by 4/25/02, and Ald. Preckwinkle's reply was to be filed and served by 5/6/02.

2.  On 4/15/02, counsel for Ald. Preckwinkle had a telephone conversation with counsel for Norflo. During the conversation, counsel for Ald. Preckwinkle advised counsel for Norflo of the briefing schedule described above, and counsel for Norflo stated that Norflo would respond by 4/25/02. Also during the conversation, counsel for Norflo advised that he had moved his office effective 4/1/02, and that he would fax his new office address to counsel for Ald. Preckwinkle. However, counsel for Ald. Preckwinkle has yet to receive the promised fax transmission, and has yet to receive any notice of any change of address for counsel for Norflo.

Furthermore, the docket herein, as posted on the internet, does not reflect the filing of any notice of any change of address for counsel for Norflo.

3. As of 4/29/02, counsel for Ald. Preckwinkle had not received Norflo's response, and the docket herein, as posted on the internet, did not reflect any response by Norflo. Accordingly, counsel for Ald. Preckwinkle then attempted to contact counsel for Norflo by telephone to determine the status of Norflo's response. However, counsel for Norflo did not answer the telephone. Counsel for Ald. Preckwinkle then left voice mail and pager messages for counsel for Norflo. However, as of the close of business on 5/3/02, counsel for Ald. Preckwinkle had not received any response to these voice mail and pager messages.

4. As of the close of business on 5/3/02, counsel for Ald. Preckwinkle had not received Norflo's response, and the docket herein, as posted on the internet, also did not reflect any response by Norflo.

5. Norflo's failure to serve or file any response to Ald. Preckwinkle's motion should be treated as an acknowledgment that Ald. Preckwinkle's motion is well-founded and should be granted, or alternatively should be treated as a failure by Norflo to prosecute its remaining claims.

6. Accordingly, Ald. Preckwinkle's motion should be granted and Norflo's remaining claim against Ald. Preckwinkle under 42 U.S.C. Sec. 1983, premised on an alleged violation of Norflo's First Amendment rights, should be dismissed.

Of Counsel:

Riordan, Dashiell & Donnelly, Ltd.
10 N. Dearborn, 4th Floor
Chicago, Illinois 60602
(312) 663-9400

MARC S. LIPINSKI

/s/ Marc S. Lipinski
Counsel for Ald. Toni Preckwinkle

# CERTIFICATE OF SERVICE

      The undersigned, under penalty of perjury, states that on May 6, 2002, she caused copies of the foregoing reply memorandum in further support of motion to alter or amend judgment to be served on

| | |
|---|---|
| Arnim Johnson, Jr. | Michael J. Dolesh |
| 7312 S. Cottage Grove Av. | Assistant Corporation Counsel |
| Chicago, Illinois 60619 | Commercial & Policy Litigation Division |
| | 30 N. LaSalle Street, Suite 900 |
| | Chicago, Illinois 60602 |

at their respective addresses, by depositing the same in the U.S. mail at Chicago, Illinois, with proper postage prepaid.

                                                                                      _____