# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6208 | **DATE** | 4/4/2003 |
| **CASE TITLE** | Norflo vs. City of Chicago, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   The motion of defendants City of Chicago, Bernard Stone and Michael Wojcik to dismiss plaintiffs' amended complaint [#42] is granted. A status hearing is set for Monday, April 21, 2003 at 9:30 a.m., regarding Counts I and II against defendant Toni Preckwinkle.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 0 7 2003 date docketed | 5-1 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/4/2003 date mailed notice | |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials | |

# ORDER

Defendants, the City of Chicago ("City"), Alderman Bernard Stone ("Stone") and Alderman Michael Wojcik ("Wojcik") (collectively, "City defendants") have moved to dismiss the Amended Complaint. On March 13, 2003, the court granted plaintiffs, Norflo Holding Corporation, Inc. and Norman Bolden (collectively, "Norflo"), an extension of time and leave to file instanter a response to the motion to dismiss, but no response has been filed. Thus, the court will decide the motion on the movants' brief alone pursuant to Local Rule 78.3. The facts and procedural history of this case are well-known between the parties; the court will not recite them here. The applicable standards for ruling on a motion to dismiss and for stating claims under the equal protection clause and for retaliation for exercise of rights protected by the First Amendment were set forth in the court's Memorandum Opinion and Order, dated March 25, 2002 ("Opinion"). Those same standards are applied here.

### A. Stone and Wojcik.
*1. Count I: Equal protection claims.* Norflo alleges that Wojcik and Stone, at the behest of Alderman Toni Preckwinkle ("Preckwinkle"), and in accord with the custom of aldermanic privilege, caused the Budget Committee to table an ordinance that allocated funds to Norflo's project. As the court reads the Amended Complaint, Norflo does not allege that either Stone or Wojcik deprived Norflo of equal protection of the laws. But if such a claim is asserted, plainly the Amended Complaint fails to state a claim against these individuals in that it fails to allege any personal animus on the part of these defendants against Norflo. (*See* Opinion at 17-18.) Instead, all that may be inferred is that these defendants were doing the bidding of Preckwinkle. Therefore, Count I against Stone and Wojcik is dismissed.

*2. Count II: First Amendment claims.* The issue is whether Preckwinkle set about to abort Norflo's project in retaliation for Norflo's protected speech. Norflo does not allege facts that permit an inference that Stone and Wojcik were aware of Preckwinkle's retaliatory motive. As stated previously with respect to former defendants Carter, Goode and Hill (Opinion at 15), Stone and Wojcik at most were complying with Preckwinkle's exercise of her aldermanic veto. In addition, the Amended Complaint alleges that Aldermen Stone and Wojcik honored the aldermanic privilege during Budget Committee process. Of course, this is within the legislative immunity (*see* Opinion at 22) and cannot be the basis of a claim under § 1983. As such, Count II against Stone and Wojcik is dismissed.

### B. City.
*1. Municipal liability under Counts I and II.* City argues that plaintiffs cannot show that the City is subject to municipal liability. Under 42 U.S.C. § 1983, a local governmental entity may be held liable under § 1983 where, *inter alia*, the individual defendant has acted pursuant to "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *Vela v. Vill. of Sauk Vill.*, 218 F.3d 661, 665 (7th Cir. 2000), quoting *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994) (internal citations omitted). The only policy the court can glean from the Amended Complaint that would qualify under the above standard is that of aldermanic privilege or veto. Counts I and II of the Amended Complaint seek to enjoin Preckwinkle and City from "implementing" the custom and practice of aldermanic privilege on the basis that it is used to favor political loyalists and to retaliate against political opponents. Because it is a facially constitutional policy, for such a claim to stand, Norflo would have to demonstrate (among other elements) that the privilege amounts to deliberate indifference to its constitutional rights. *See Boyce v. Moore*, 314 F.3d 884, 891 (7th Cir. 2002) (a municipal liability claim requires a plaintiff to "demonstrate that the municipal action was taken with deliberate indifference as to its known or obvious consequences.") (internal citations and quotations omitted). Deliberate indifference is demonstrated through allegations that the City made a "conscious choice" to violate Norflo's constitutional rights. *See City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Where, as here, the Amended Complaint does not allege that anyone but Preckwinkle knew of her retaliatory motive, it would be unreasonable to infer that the City made a conscious choice to violate Norflo's constitutional rights. To the extent Norflo would hold City responsible for other conduct of Preckwinkle, Norflo would have to demonstrate that she was a final policy maker with respect to the conduct in question, which it cannot do. *See Jamran v. City of Northlake*, 950 F. Supp. 1375, 1381 (N.D. 1997) (an individual alderman acting alone is not an authorized decision-maker). For these reasons, the Amended Complaint fails to allege a set of facts from which it is possible to infer that City deprived Norflo of its equal protection or freedom of speech.

*2. Count III: the state law claims.* Because the court dismisses Norflo's federal claims against City, it lacks supplemental jurisdiction over Count III. 28 U.S.C. § 1367. Therefore, Count III is dismissed for lack of subject matter jurisdiction.